# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMITT RUSSELL DOUGHTON, | No. 2:17-CV-0639-KJM-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M. ELIOT SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 9).

///
///
///
///
///
///
///

1

# I. BACKGROUND[1]

Petitioner was convicted of first degree murder, possession of a firearm by a felon, and two counts of first degree robbery in concert. Additionally, a number sentencing of enhancements allegations were determined to be true. Petitioner was sentenced on June 25, 2008, to an indeterminate prison term of 25 years to life without parole for the murder conviction, and a consecutive 25 years to life for the firearm enhancement. Petitioner was also sentenced to a concurrent 16-year term for one of the robbery convictions and associated firearm enhancement, and a concurrent 2-year term for being a felon in possession of a firearm. The sentence on the other robbery conviction and associated firearm enhancement was stayed. The judgement and conviction were affirmed on direct appeal by the California Court of Appeal on March 18, 2010. The California Supreme Court denied direct review on June 9, 2010.

Petitioner then filed the following pro se state convictions actions:

First Action
Filed on April 13, 2011, in the Sacramento County Superior Court.
Denied on June 2, 2011.

Second Action
Filed on August 25, 2011, in the California Court of Appeal.
Denied on September 15, 2011.

Third Action
Filed on September 28, 2011, in the California Supreme Court.
Denied on April 11, 2012.

Fourth Action
Filed on August 23, 2016, in the California Court of Appeal.
Denied on September 8, 2016.

Fifth Action
Filed on October 17, 2016, in the California Supreme Court.
Denied on February 22, 2017.

///

---

[1] The court takes judicial notice of the state court records lodged by respondent on September 25, 2017, as well as this court's own records. See Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964); Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Petitioner also filed a prior federal habeas petition in this court on August 25, 2011, challenging the same conviction and sentence. See Doughton v. McDonald, E. Dist. Cal. Case No. 2:11-CV-2252-JAM-KJN. The petition was denied on the merits on June 25, 2013, and the Ninth Circuit Court of Appeals affirmed the district court's judgment on September 30, 2014. Petitioner filed the instant second federal habeas petition on March 27, 2017.

## II. DISCUSSION

Respondent argues that the current federal habeas petition should be dismissed because: (1) it is second or successive and was filed without first obtaining permission from the Ninth Circuit Court of Appeals; and (2) it was filed beyond the one-year statute of limitations.

### A. Second or Successive Petition

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam). A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23

(9th Cir. 1990).

In this case, it is clear that the current federal petition is a second or successive petition. Specifically, petitioner's first petition, Doughton v. McDonald, E. Dist. Cal. Case No. 2:11-CV-2252-JAM-KJN, was decided on the merits and the current petition challenges the same conviction and sentence addressed in the prior case. Because petitioner has not demonstrated that he obtained permission from the Ninth Circuit to file the instant second petition, it must be dismissed. See Cooper, 274 F.3d 1270.

### B. Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the

4

conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v.

1 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
2 review and the filing of a state post-conviction application does not toll the limitations period.
3 See Nino, 1983 F.3d at 1006-07.

4     In this case, petitioner did not file a petition for certiorari in the United States
5 Supreme Court.  Therefore, the limitations period began to run the day after the time to do so
6 expired – September 8, 2010.  Assuming that petitioner is entitled to tolling for all of the time
7 between the filing of the first state post-conviction action on April 13, 2011, and the denial of the
8 third state post-conviction action on April 11, 2012, the one-year limitations period expired many
9 years before petitioner filed his the instant petition in March 2017.  Therefore, the instant second
10 petition should also be dismissed as untimely.

11     Petitioner's argument that Supreme Court's decisions in Johnson v. United States,
12 135 S.Ct. 2551 (2015), and Welch v. United States, 136 S.Ct. 1257 (2016), triggered a later
13 commencement date for the one-year limitations period is unpersuasive because neither case
14 newly recognized a constitutional right made retroactive on collateral review under 28 U.S.C.
15 § 2244(d)(1)(C).
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 9) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE