IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMITT RUSSELL DOUGHTON, | No. 2:17-CV-0639-KJM-DMC-P |
| Petitioner, | |
| v. | ORDER |
| M. ELIOT SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On June 19, 2018, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

The magistrate judge finds that petitioner's habeas corpus petition must be dismissed under 28 U.S.C. § 2244(b)(1) because it "challenges the same conviction and sentence"

that his prior habeas petition challenged. Findings & Recommendations, ECF No. 18 at 4. However, 28 U.S.C. § 2244(b)(1) reads, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Petitioner's claim that his conviction should be vacated because California Penal Code § 189 is unconstitutionally vague under *Johnson v. United States* is a new claim that was not raised in the previous petition. *Compare* Pet. for Writ of Habeas Corpus, ECF No. 1 ("'Vague Statute,' Petitioners first degree murder conviction . . . is now in violation of petitioner's right to due process . . . . [because] the U.S. Supreme Court has since held that 'void for vagueness' holding of *Johnson* case to be applied retroactively . . . .") (citing *Johnson v. United States*, 135 S.Ct. 2551) *with* Pet. for Writ of Habeas Corpus, *Doughton v. McDonald*, E.D. Cal. Case No. 2:11-cv-2252-JAM-KJN, ECF No. 1 (challenging conviction on other grounds); *see also Henry v. Spearman*, 899 F.3d 703 (9th Cir. 2018) (permitting petitioner to file a successive habeas petition to challenge the same second-degree murder charge, because the second petition claimed that the relevant statute was unconstitutionally vague under *Johnson*) (citing *Johnson*, 135 S.Ct. 2551). Therefore, the instant petition falls under 28 U.S.C. § 2244(b)(2).

Section 2244(b)(2) requires dismissal of a successive petition that raises new claims, unless one of two exceptions apply. The first of those exceptions applies when "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . ." 28 U.S.C. § 2244(b)(2)(A). Petitioner here challenges his conviction under *Johnson v. United States*. *See* Pet. at 2-3. *Johnson* created a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court in *Welch v. United States*. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.") (citing *Teague v. Lane*, 489 U.S. 288 (1989)); *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018) (holding that petitioner's second habeas petition challenging his second-degree felony murder conviction under *Johnson* "unquestionably satisfied" the requirements of § 2244(b)(2)(A), because "*Johnson* announced a new rule of constitutional law retroactively applicable to cases on collateral review") (citing *Welch*, 136 S.Ct.

1257); *Blow v. United States*, 829 F.3d 170, 172 (2d Cir. 2016) (granting petitioner's request for leave to file a successive habeas petition because "*Johnson* announced a new rule of constitutional law that is retroactive on collateral review") (citing *Welch*, 136 S.Ct. 1257); *but see United States v. Blackstone*, No. 17-55023, 2018 WL 4344096, at *7 (9th Cir. Sept. 12, 2018) (holding that "*Johnson* did not announce a new rule that is applicable to the *mandatory Sentencing Guidelines*") (emphasis added).

The magistrate judge's analysis of the petition does not address the controlling decisions that appear to guide a properly articulated conclusion regarding the nature of the petition and whether it should be dismissed by this court. Accordingly, the matter is referred back to the magistrate judge for further consideration in light of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 19, 2018 are not adopted; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: September 28, 2018.

_____
UNITED STATES DISTRICT JUDGE