# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMITT RUSSELL DOUGHTON,<br><br>Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN,<br><br>Respondent. | No. 2:17-CV-0639-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 9). In his motion to dismiss, respondent argues the petition must be dismissed for either one of two independently sufficient grounds. First, respondent argues the petition must be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244 filed without obtaining prior leave from the Ninth Circuit Court of Appeals to do so. Second, respondent argues the petition must be dismissed as untimely. In findings and recommendations issued on June 19, 2018, the court recommended dismissal of the petition on both grounds.

/ / /
/ / /
/ / /
/ / /

1

The matter is before the undersigned following the District Judge's September 28, 2018, order (Doc. 23) declining to adopt the June 19, 2018, findings and recommendations. The District Judge stated:

> The magistrate judge finds that petitioner's habeas corpus petition must be dismissed under 28 U.S.C. § 2244(b)(1) because it "challenges the same conviction and sentence" that his prior habeas petition challenged. Findings and Recommendations, ECF No. 18 at 4. However, 28 U.S.C. § 2244(b)(1) reads, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed.". . .

Doc. 23, pp. 1-2, lines 27-3 (September 28, 2018, order).

The District Judge observed petitioner's current claim under Johnson v. United States, 135 S.Ct. 2551 (2015), is a new claim not raised in petitioner's prior federal habeas petition. See Doc. 23, p. 2, lines 3-15 (September 28, 2018, order). The District Judge also noted that, under § 2244(b)(2)(A), an exception to the bar on second or successive habeas petitions lies ". . .when 'the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. . . .'" See id. at p. 2, lines 16-19 (September 28, 2018, order, quoting 28 U.S.C. § 2244(b)(2)(A)). The District Judge then noted that Johnson indeed announced a new rule of constitutional law made retroactive to cases on collateral review pursuant to the Supreme Court's holding in Welch v. United States, 136 S.Ct. 1257, 1265 (2016). See id. at pp. 2-3, lines 21-6 (September 28, 2018, order). The District Judge referred the matter back to the undersigned ". . .for further proceedings consistent with this order." See id. at p. 3, lines 9-10 (September 28, 2018, order).

## I. BACKGROUND

Petitioner was convicted of first degree murder, possession of a firearm by a felon, and two counts of first degree robbery in concert. Additionally, a number of sentencing enhancements allegations were determined to be true. Petitioner was sentenced on June 25, 2008, to an indeterminate prison term of 25 years to life without parole for the murder conviction, and a consecutive 25 years to life for the firearm enhancement. Petitioner was also sentenced to a concurrent 16-year term for one of the robbery convictions and associated firearm

enhancement, and a concurrent 2-year term for being a felon in possession of a firearm. The sentence on the other robbery conviction and associated firearm enhancement was stayed. The judgement and conviction were affirmed on direct appeal by the California Court of Appeal on March 18, 2010. The California Supreme Court denied direct review on June 9, 2010.

Following a series of five state court post-conviction actions, petitioner filed a prior federal habeas petition in this court on August 25, 2011, challenging the same conviction and sentence as challenged in the current federal petition. See Doughton v. McDonald, E. Dist. Cal. Case No. 2:11-CV-2252-JAM-KJN. The prior petition was denied on the merits on June 25, 2013, and the Ninth Circuit Court of Appeals affirmed the district court's judgment on September 30, 2014. Petitioner filed the instant second federal habeas petition on March 27, 2017.

## II. DISCUSSION

In his motion to dismiss, respondent argues the current federal habeas petition should be dismissed because it is a second or successive petition filed without obtaining prior authorization from the Ninth Circuit to do so.[1] Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v.

---

[1] Respondent also argues the instant federal petition is untimely. The court, however, does not reach that argument because respondent's argument the petition was filed without prior authorization from the Ninth Circuit is dispositive of respondent's motion and the case.

3

| | |
|---|---|
| 1 | Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam). |
| 2 | In this case, the current second federal petition must be dismissed because |
| 3 | petitioner has not obtained prior authorization from the Ninth Circuit Court of Appeals. See id.; |
| 4 | see also 28 U.S.C. § 2244(b)(3)(A). The cases cited by the District Judge in her September 28, |
| 5 | 2018, order are illustrative of this rule. In Henry v. Spearman, 899 F.3d 703 (9th Cir. 2018), the |
| 6 | Ninth Circuit concluded the petitioner made the necessary showing under § 2244(b)(2) and |
| 7 | authorized the filing of a second petition in the district court. Similarly, in Blow v. United States, |
| 8 | 829 F.3d 170 (2nd Cir. 2016), the Second Circuit Court of Appeals concluded the petitioner made |
| 9 | the necessary showing and permitted the filing of a second habeas petition in the district court. |
| 10 | As these cases demonstrate, the analysis under § 2244(b)(2) is for the Circuit Court to conduct in |
| 11 | the first instance. Only after a second or successive petition is authorized by the Circuit Court |
| 12 | and then filed in the district court, may the district court conduct an independent analysis under |
| 13 | § 244(b)(2). See 28 U.S.C. § 2244(b)(4). In this case, because the Ninth Circuit has not |
| 14 | authorized filing of the instant second federal habeas petition, it is premature for this court to |
| 15 | conduct a preliminary analysis under § 2244(b)(2), which is reserved for the Ninth Circuit. |
| 16 | / / / |
| 17 | / / / |
| 18 | / / / |
| 19 | / / / |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 9) be granted and that this petition be dismissed without prejudice to petitioner seeking authorization from the Ninth Circuit Court of Appeals to file a second or successive federal habeas petition in the district court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE